CHARLES PITTMAN, appellant, v. SAMUEL GATY et al., appellees.

## Appeal from St. Clair.

In an action of ejectment, the plaintiff claimed under a sheriff's deed formed on a judgment in attachment. The debtor, some days prior to the levy, conveyed the land to a third person, the defendant in ejectment, who held the deed unrecorded. At the time of the levy, another person was in possession: *Held*, that if the latter was the tenant of the defendant, the possession was constructive notice to the attaching creditor of the defendant's unregistered deed.

When evidence, which is irrelevant, gets into a case in the shape of depositions or otherwise, it is the duty of the Court, when required, at any stage of the trial, to exclude it, or direct the jury to disregard it.

When it is stated in a bill of exceptions that an instruction was refused because inapplicable, the Supreme Court will not further inquire into the propriety of the decision, unless the evidence is reported to which the instruction is claimed to apply.

EJECTMENT, in the St. Clair Circuit Court, brought by the appellees against the appellant, and heard before the Hon. Gustavus P. Koerner and a jury, at the April term, 1848, when a verdict and judgment were rendered for the plaintiffs below.

The facts so far as they are material to the determination of the case, are adverted to by the Court in the Opinion.

*J. L. D. Morrison*, and *R. S. Blackwell*, for the appellant.

The possession of Mallows was the possession of Pittman.

A purchaser at the sheriff's sale is chargeable with constructive notice of the title of a third person in the actual possession of the land, claiming under a prior unrecorded deed from the debtor, and he is bound to inquire into the extent of the occupant's interest. *Parks* v. *Jackson*, 11 Wend. 442, 466; *Tuttle* v. *Same*, 6 do. 213; *Hadduck* v. *Wilmarth*, 5 New Hamp. 181; *Priest* v. *Rice*, 1 Pick. 164.

The case of *Jackson* v. *Post*, 9 Cowen, 120, goes further and decides, that where a judgment debtor had conveyed the

land to a third person, who neglected to record his deed before the judgment lien attached, the vendee would hold as against the purchaser at the sheriff's sale, though the latter had no notice, actual or constructive.

Hearsay evidence is clearly inadmissible. 1 Greenl. Ev. §§ 98, 99.

*D. J. Baker*, for the appellees.

The lien of the judgment attached and related to the date of the levy of the writ of attachment, or to the time of filing in the recorder's office, the sheriff's certificate of the levy. *Martin* v. *Dryden*, 1 Gilm. 188.

If Meacham had, before the issuing of the attachment, conveyed by deed, though unrecorded or fraudulent, the lands levied on, to Pittman, he had no title in himself, after the execution of the deed ; but the deed, being unrecorded, was not operative as against Meacham's creditors till they were notified of its existence. Rev. Stat. 108, § 23.

Some kinds of hearsay may be, in regard to some matters, proper evidence. As to what is hearsay, see 1 Greenl. Ev. §§ 101, 108.

The appellant's counsel say: "The possession of Mallows was the possession of Pittman." An unaccountable assumption, indeed—a begging of the question. This was one of the principal, if not the principal, questions to be decided in the case. This is shown clearly by the character of the majority of the instructions given at the instance of each party. It was a main issue before the Court which tried the case, and, by their verdict, they have said that Mallows was not the tenant of Pittman, at the time of the filing of the certificate of the levy of the attachment, but was the tenant of' Meacham, and paid rent to him, the unrecorded deed to the contrary, notwithstanding. This assumption, then, being wholly unauthorized, the argument of the counsel, based on it, necessarily falls to the ground, having no application to · the present case on the part of appellant.

The counsel, arguing from this assumption, say : "A purchaser at a sheriff's sale is chargeable with constructive notice of the title of a third person in the actual possession of

the land, claiming under a prior unrecorded deed from the
debtor, and he is bound to inquire into the extent of the oc-
cupant's interest," and refers to several authorities to prove
this position. This doctrine is unquestionably true. The
plaintiffs in this case have no occasion to question its cor-
rectness. But, it applies to the foregoing untrue assumption
and is based on it, and has no bearing, at least, unfavorable,
to the appellees' case, on the questions involved therein;
because Meacham's, and not Pitman's tenant was in actual
possession of the land in controversy, long after this unre-
corded deed was made to Pittman and, at the time of, and
long after the levy of the writ of attachment.

The Court will observe, the testimony adduced on the trial
is not attempted to be given. Nothing is presented in this
Court, only the rulings and decisions of the Court below, on
the several questions of law arising during the progress and
trial of the cause in that Court.

The case by the appellant's counsel referred to in 9 Cowen,
of *Jackson* v. *Post*, was made by the N. Y. Court, under the
recording Act of that State, which declares the unrecorded
deed to be void only as against a *bona fide* purchaser or
mortgagee, for a valuable consideration, who had recorded
his conveyance. It has direct reference to the provisions of
that Act, and does not hold good or apply to a case arising
under the statute of this State, which is different from that in
its provisions and more extensive in its application. Our Act
declares, "that conveyances shall take effect from and after
the recording, or rather filing for record, and not before, as
to all creditors and subsequent purchasers, without notice,"
and are void as to all such creditors and purchasers without
notice. Rev. Stat., 108, § 23.

None of the evidence in this case, or very little, which
was given on the trial is presented to this Court. Only
questions of law arising in the case were intended to be
presented.

The Opinion of the Court was delivered by

TREAT, C. J. This was an action of *ejectment* com-
menced by Gaty and others against Pittman. The plaintiffs

claimed title to the premises by virtue of a plaintiff's deed founded on a judgment in attachment against Meacham. The writ of attachment was levied on the 31st of December, 1841. The defendant claimed title by virtue of an unrecorded deed from Meacham, executed on the 22d of December, 1841. At the time of the levy of the attachment, one Mallows was in possession of the premises. The principal question on the trial was whether Mallows was the tenant of the defendant. If such tenant, his possession was constructive notice to the attaching creditors of the defendant's unregistered deed. This state of case appears from the bill of exceptions, although it does not purport to contain all the evidence.

The Court refused an instruction asked by the defendant in these words : "That hearsay is not competent evidence upon which to found a verdict, and if the jury believe, that any portion of the deposition of———— Johnson is mere hearsay of third persons disconnected with the suit, they will disregard such portions of said depositions."

The deposition referred to in the instruction is not incorporated into the bill of exceptions, but enough of the case is reported to show clearly that no question arose on the trial, which would have justified the introduction of mere hearsay evidence. As a general rule, such evidence is wholly inadmissible. The exceptions to the rule are few and confined chiefly to questions of pedigree. When evidence which is irrelevant, or incompetent in any event to establish a fact, gets into a case in the shape of depositions or otherwise, it is the duty of the Court when required, at any stage of the trial, to exclude it, or direct the jury to disregard it. There is a clear distinction between this sort of proof and secondary evidence. The former is never admissible ; the latter always is, when the primary proof cannot be produced, and if admitted without objection, it becomes a part of the case, and cannot afterwards be excluded, because, though not the best evidence, it is still relevant, and tends to elucidate the question in issue. The party, by permitting it to be introduced, dispenses with the production of the superior evidence.

It is insisted that the instruction was inapplicable to the facts of the case, and therefore properly refused. If withheld on that ground, the bill of exceptions should so state; or the deposition should be sent up to enable this Court to determine whether the instruction was pertinent or not. Where the Judge states in the bill of exceptions that an instruction is refused because inapplicable, this Court will not further inquire into the propriety of the decision, unless the evidence is reported to which the instruction is claimed to apply. But where, as in this case, an instruction asserts a correct legal principle, and points directly to evidence in the case, unless it affirmatively appears from the bill of exceptions, that it was considered inapplicable, it is but fair to conclude that it was refused because the Court believed it to be erroneous.

It is further insisted, that the question whether the deposition contained improper evidence should have been referred directly to the Court for its decision. It is true, that might have been done; but we can see no objection to a direction to the jury to disregard the statements of the witness, if they found that he had testified from information derived from third persons, and not of facts within his own knowledge. In many cases, there is a manifest propriety in this practice. Whether the evidence is lawful or not, may often depend on the proper conclusion to be drawn from a complicated state of facts, which the jury are, at least, as competent to arrive at as the Court. In this case, the evidence in connection with the deposition may have left it doubtful whether the witness spoke of matters on his own knowledge, or on information received from others; and that question should have been referred to the jury, to be determined as every other question of fact, under the instructions of the Court.

The judgment of the Circuit Court is reversed with costs, and the cause is remanded for further proceedings.

*Judgment reversed.*